## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| CHARLES GREEN, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  JKB-16-2367 |
| SOUTHWEST CREDIT SYSTEMS, L.P., | * | |
| Defendant | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM

### I.  Background

Plaintiff Charles Green filed this suit *pro se*, contending Defendant Southwest Credit Systems, L.P. ("Southwest"), reported false information about him to credit reporting agencies and thereby damaged his credit rating, resulting in denials of credit.  (Compl., ECF No. 2.)  The suit was filed in the District Court of Maryland for Harford County and removed to this Court based upon federal question jurisdiction.  (ECF No. 1.)  Pending before the Court is Southwest's motion for judgment on the pleadings (ECF No. 15), which has been opposed by Green (ECF No. 17).  No hearing is necessary.  Local Rule 105.6 (D. Md. 2016).  The motion will be granted.

### II.  Standard for Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to motions to dismiss under Rule 12(b)(6).  *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility

exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### III.  Allegations of the Complaint

In his complaint, Green avers Southwest reported false information about him on his credit profile.  (Compl. 1.)  Green alleges he learned Southwest "is attempting to collect funds for an alleged account that plaintiff never owned, more specifically a COMCAST cable bill from a false address @ [*sic*] 315 S. Highland Avenue in Baltimore City, an address that has never truly been associated with the plaintiff." (*Id.* 3.)  He further alleges he faxed several documents to Southwest and asked it to delete the false information, "but to no avail." (*Id.*)

Green has clearly articulated the legal bases on which his claim is based.  Green indicates his first count is brought for libel and slander, his second count is brought for willful noncompliance with the Fair Credit Reporting Act ("FCRA"), his third count is based upon Southwest's liability under the FCRA as a furnisher of information to credit reporting agencies ("CRAs") due to the unreasonableness of Southwest's procedures, and his fourth count is

predicated upon Southwest's alleged malicious and willful intent to injure, which also seems to invoke the FCRA's cause of action for willful noncompliance.[1]  (*Id.* 2-3.)

## IV. Analysis

The FCRA's statutory scheme only permits imposition of liability on a furnisher of incorrect information to a CRA if the furnisher fails to carry out its statutory duties of investigation and correction *after* the CRA has provided notice to the furnisher of the consumer's dispute.  *See* 15 U.S.C. § 1681s-2(b)(1) (furnisher's duty to investigate and report results of investigation arises "[a]fter receiving notice pursuant to section 1681i(a)(2) . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency"); § 1681i(a)(2)(A) (requiring CRA to, within five business days, provide notice of consumer's dispute to furnisher).

Here, Green does not allege he filed a dispute with any CRA about the account he now contends is wrongly attributed to him.  Thus, he did not trigger any duty by Southwest under the FCRA to correct information reported to a CRA.  Instead, he only alleges he communicated directly with Southwest about the allegedly false information.  However, no private cause of action under the FCRA exists as to a consumer's dispute made directly with a furnisher of information to a CRA.  Duties as to accuracy and communication are generally imposed upon furnishers of information under § 1681s-2(a), but § 1681s-2(c) specifically excludes any right of action under § 1681n (willful noncompliance) and § 1681*o* (negligent noncompliance) for a failure to comply with § 1681s-2(a).  *See Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 149 (4th Cir. 2008) ("FCRA explicitly bars private suits for violations of § 1681s-2(a), but

---

[1]  Green's fifth count is merely a statement of jurisdiction with no separate substantive content.

consumers can still bring private suits for violations of § 1681s-2(b).").  Green's complaint fails to allege a plausible claim for relief under the FCRA.

As for Green's claim of libel and slander, it is preempted by § 1681h(e), which only allows such a common-law claim when (1) it is based upon "false information furnished with malice or willful intent to injure such consumer" and (2) the information is furnished pursuant to § 1681g, § 1681h, or § 1681m.  *See Ross v. FDIC*, 625 F.3d 808, 814 (4th Cir. 2010) (noting § 1681h(e) requires two-step inquiry).  Sections 1681g and 1681h pertain only to disclosures to consumers by CRAs.  Plainly, Green's claim does not relate to § 1681g or § 1681h since he does not allege Southwest is a CRA that made disclosures to Green or any other consumer (nor would a disclosure to Green about Green constitute defamation).  Section 1681m imposes certain requirements on a user of credit reports who takes adverse action against a consumer; the term "adverse action" is defined in § 1681a(k) as either "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested," as defined in § 1691(d)(6), or an adverse decision about insurance, employment, licensure, or a consumer-initiated business transaction.  None of what Green alleges falls within § 1681m.  Consequently, his defamation claim fails to state a claim for relief.

## V. Conclusion

Green's complaint fails to state a claim for relief.  It will be dismissed without prejudice to his filing a future action that satisfies the strict limitations of the FCRA.  A separate order follows.

DATED this 1st day of December, 2016.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge